STEPHENSON VS OSAGE COAL & MINING COMPANY.

Opinion delivered October 5, 1901.

1.  *Pleading and Practice—Dismissal—Court Has No Further Juris-
    diction.*

On Jan. 17th appellant's cause of action in court below was dis-
missed by the court for failure of plaintiff to comply with an
order of the court for the substitution of pleadings formerly
destroyed by fire.   After this final order, the court had no
jurisdiction to entertain further motions of plaintiff for a re-
instatement of the case, and for a nonsuit.   And the fact that
the motion for reinstatement was made and filed, but not
called up, before the order of dismissal, does not alter the
case.

Appeal from the United States Court for the Southern
District.

HOSEA TOWNSEND, Judge.

Action by John Stephenson against the Osage Coal &
Mining Company.   Judgment for defendant.   Plaintiff ap-
peals.   Affirmed.

In this case John Stephenson, the plaintiff below and
appellant, sued the defendant below and appellee, the Osage
Coal & Mining Company, for damages alleged by plaintiff to
have been sustained by him through the carelessness and
negligence of appellee.   At the may term, 1898, of the
United States Court for the Indian Territory, at Ardmore,
where this action was then pending, the records therein were
destroyed by fire.   On May 7th, 1898, the court made an or-
der directing that the pleadings and papers in the case be
by the plaintiff substituted on or before the 1st day of July,
1898, or the case would stand dismissed.   At the term fol-
lowing, on December 20, 1898, plaintiff filed a motion to have
the order of dismissal set aside and the case reinstated on
the docket, and asking leave to be allowed to substitute pa-

pers.    On January 17th, 1899, a day of the December term
aforesaid, no action having been taken by the court on plain-
tiff's motion, and no papers filed by the plaintiff, the court
dismissed the case.    No exceptions were taken to the action
of the court in dismissing the cause by the plaintiff.    On
April 3, 1899, plaintiff filed another suit, reciting in his com-
plaint that the suit was for the same cause of action as that
dismissed at Ardmore; that the dismissal of said cause was
without prejudice, and the bringing of his action within one
year of the date of said dismissal.    On December 17, 1900, a
day of the December term of court at Ardmore, plaintiff filed
an application or motion for nonsuit, which motion was over-
ruled on the ground that, the cause having been dismissed
at a former adjourned term, there was no case pending, and
that the court had no further jurisdiction.    Plaintiff then
sought to have the court act upon the motion filed December
20, 1898, to substitute papers, and have a nunc pro tunc order
showing dismissal of the cause as of date January 17, 1899;
but the court refused to do so, assigning as reasons for such
refusal that it had no further jurisdiction of the cause, and
that the records and minutes of the court already showed a
dismissal of the cause on that date.    Counsel for appellant
makes two assignments of error: First, the trial court erred
in overruling plaintiff's motion for a nonsuit;   second, the
trial court erred in overruling plaintiff's motion to reinstate
the cause upon the trial docket, and for leave to substitute
the pleadings.

     *Samuel A. Wilkinson*, for appellant.

    *Ira D. Oglesby*, for appellee.

    GILL, J.    The appellant in this case assigns as error,
first, that the trial court erred in overruling appellant's mo-
tion for a nonsuit, which motion appears to have been filed
by the appellant on December 20, 1898, and called up by
the appellant, as shown by the record, on January 11,
1901.    From the record it appears that the court on the

17th day of January, 1899, dismissed appellant's cause of action, presumably for noncompliance with the order made in the cause at the May term, 1898, requiring the appellant to substitute the pleadings in the case by July 1, 1898. The court certainly had a right to make the order requiring the appellant to substitute the papers and pleadings by that date. The appellant neglected to comply with said order. Appellant complains that neither he nor his attorney knew of this order. It was an order on a public record, made in a case in which the appellant and his attorney were peculiarly interested, and they are certainly bound to know the proceedings in an action filed by them. It is true in this case that appellant had filed in said cause on December 20, 1898, and before the order of dismissal, an application to reinstate the case on the docket of the court. This case was already upon the docket of the court, and while the court had by its order at the May term, 1898, stated that if the plaintiff failed to comply with its order the case should stand dismissed, no action had been taken to formally dismiss the case, and it was still upon the docket. The appellant appears nowhere, throughout the record, to have offered to the consideration of the court any papers whatever to take the place of the papers destroyed by the fire, nor does it appear anywhere in the record nor does appellant anywhere allege that he can comply, or is making any effect to comply, with the order of the court in reference to the substitution of the papers. It is further true that in his motion filed on December 20, 1898, he states that he had an agreement with the defendant's attorney for a continuance of the case, and that the defendant should, through his attorney, furnish the plaintiff a copy of all papers, pleadings, and other records in the case. This agreement, if such agreement ever existed, was made outside of court, and does not seem to have been reduced to writing, and the court is not in any wise bound by any such agreement made out of court. It can only act upon what is be-

fore it in court. It seems also that, long before the calling up for hearing of the motion to reinstate the case, the appellant had treated his case as finally dismissed, and had begun a new suit in another jurisdiction, alleging the dismissal of this case. Under the statute, appellant had a right to dismiss his case at any time, and he failed wholly to act upon this right. When the court came to consider the case, and found that appellant had failed to comply with its orders, it was the duty of the court to do as it did, and dismiss the case. Having dismissed the case on January 17, 1899, it was a final order disposing of the entire proceeding, and the court would be powerless to reinstate the case after the expiration of the term. The subsequent efforts of the appellant to obtain orders in this case must, under the statute and law, prove futile, the court being without jurisdiction to consider such orders, and the court below very properly refused to entertain such efforts on the part of the appellant. And so the second assignment of error, namely, that the trial court erred in overruling appellant's motion to reinstate the cause upon the trial docket, and for leave to substitute the pleadings, fails, it never having been presented to the court in proper time for action. The judgment of the lower court will be affirmed.

CLAYTON and RAYMOND, JJ., concur.